```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| AMBER WEAVER | : | CIVIL ACTION |
| | : | NO. 18-3295 |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| COMMISSIONER OF SOCIAL SECURITY | : | |

# **O R D E R**

**AND NOW**, this **5th** day of **September, 2019,** it is hereby

**ORDERED** that:

    (1) The government's objection (ECF No. 14) is

**SUSTAINED**;[1]

---

[1] The government raised one objection to Judge Hart's R&R, which the Court reviews de novo. Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court reviews all other findings by Judge Hart, to which there were no objections, for clear error. See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); Fed R. Civ. P. 72, 1983 advisory committee notes. The Court finds no clear error, but on de novo review, agrees with the government's analysis regarding its objection.

    Specifically, the government objected to Judge Hart's conclusion that the ALJ did not adequately incorporate into his RFC assessment his finding that Plaintiff had moderate limitations in concentration, persistence, or pace when he limited Plaintiff to unskilled work with only occasional contact with co-workers and supervisors, and no contact with the public.

    Judge Hart recognized that there has been significant disagreement concerning whether simple unskilled work adequately conveys moderate limitations in concentration, persistence, or pace. ECF No. 13 at 5. However, after Judge Hart filed his R&R, the Third Circuit issued a precedential decision which offers significant guidance on this issue. In Hess v. Comm'r Soc. Sec., 931 F.3d 198 (3d Cir. 2019), the court concluded that, because the ALJ provided a valid explanation, the ALJ did not err in addressing the plaintiff's moderate limitations in concentration, persistence, or pace in the RFC by limiting plaintiff to "simple tasks." While this case involves a restriction to unskilled work and limited contact with others, the former limit is closely

related to "simple tasks" since unskilled work is merely "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Thus, this court finds Hess to be fully applicable.

In Hess, the court solidified that no magic language is required when incorporating a Step 3 finding of moderate limitations in concentration, persistence, or pace into the RFC assessment at Step 4, as long as the ALJ explains why he or she chose the specific RFC language. 931 F.3d at 209. In Hess, the ALJ thoroughly discussed the record including the plaintiff's self-reported activities, the medical records, and the opinion evidence. Id. at 213-14. The court concluded that the explanation sufficiently addressed why the ALJ limited the plaintiff to "simple tasks" in the RFC after having found moderate limitations in concentration, persistence, or pace. Id. at 214.

As in Hess, the ALJ in this case adequately explained how his finding of moderate limitations in concentration, persistence, or pace were accommodated in the RFC assessment by limiting Plaintiff to unskilled work and limiting contact with others. First, when finding the moderate restrictions, the ALJ noted that while Plaintiff is "so-so" at following written instructions, the medical records reflected normal attention and concentration. Tr. at 19. The ALJ also noted that Plaintiff regularly engaged in various activities that require concentration, persistence, or pace. Id. In explaining the RFC assessment, the ALJ noted several times that Plaintiff's mental status exams were largely normal, and that the records indicated that she had normal intact concentration, attention, and memory. Id. at 21-22. The ALJ also discussed Plaintiff's self-reported complaints, her aunt's testimony, and the function report submitted by her mother and the weight he gave to them. Id. at 20-21, 22. The ALJ detailed the opinion evidence, giving great weight to State Agency psychological consultant, Sharon Becker Tarter, Ph.D., who opined, inter alia, that Plaintiff could carry out simple routine and repetitive tasks, make simple decisions, and sustain an ordinary routine. Id. at 22. There is no medical opinion evidence suggesting greater limitations. Finally, the ALJ addressed why Plaintiff's GAF scores between 45 and 60 did not demand additional restrictions. Id. at 22-23.

As acknowledged by Judge Hart, based on the record, the ALJ arguably would have been justified in finding less than moderate limitations in concentration, persistence, or pace. ECF

(2) The Court **APPROVES** and **ADOPTS IN PART** Magistrate Judge Jacob P. Hart's Report and Recommendation (ECF No. 13). Specifically, the Court adopts Judge Hart's conclusions that the ALJ adequately handled Plaintiff's complaints of stress, her testimony, indications that Plaintiff showed improvement, and Plaintiff's mother's function report. The Court declines to adopt Judge Hart's conclusion that the ALJ inadequately accounted for Plaintiff's moderate limitations in concentration persistence and pace in the RFC assessment. As a result;

(3) Plaintiff's request for review (ECF No. 9) is **DENIED**; and

(4) The Clerk of Court shall mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
*EDUARDO C. ROBRENO,    J.*

---

No. 13 at 7. The fact that the ALJ gave Plaintiff the benefit of the doubt in assessing moderate limitations at Step 3, does not negate the ALJ's fulsome explanation for the limitations he assessed in the RFC at Step 4. Because the ALJ adequately explained the reasoning behind his RFC limitations after having previously found moderate limitations in concentration, persistence, or pace, he did not err.

3